**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5246**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GERMAINE VERNON WALLACE, a/k/a Rescue Ranger,
a/k/a The Kid,

Defendant - Appellant.

_____

**No. 06-4047**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM MARK MANNS,

Defendant - Appellant.

_____

Appeals from the United States District Court for the District of
Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.
(CR-05-267-WDQ)

_____

Submitted:  May 2, 2007            Decided:  July 12, 2007

_____

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Donald E. Kaplan, Baltimore, Maryland; Randolph O. Gregory, Sr., Baltimore, Maryland, for Appellants.  Rod J. Rosenstein, United States Attorney, Steven H. Levin, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated cases, Germaine Vernon Wallace and William Mark Manns each pleaded guilty to one count of conspiracy to distribute one kilogram or more of heroin, a violation of 21 U.S.C. § 846 (2000). Wallace received a sentence of 262 months' imprisonment and Manns received a sentence of 188 months' imprisonment. We affirm both convictions and sentences.

Counsel for Wallace and Manns filed briefs in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Wallace's counsel requested this court's review of the validity of an appellate waiver provision in Wallace's plea agreement and whether Wallace had received ineffective assistance of counsel. Wallace also filed a pro se supplemental brief. Manns' counsel requested this court's consideration of whether the district court erred in failing to grant a hearing regarding the Government's refusal to file a motion for downward departure pursuant to U. S. Sentencing Guidelines Manual § 5K1.1 (2004). Although informed of his right to file a supplemental brief, Manns did not do so.

With respect to Wallace's appeal, No. 05-5426, this court reviews the validity of a waiver of appellate rights de novo. United States v. Brown, 232 F.3d 399, 403 (4th Cir. 2000). If the waiver is valid and the issue appealed is covered by the waiver, and, as here, the Government relies upon the waiver, the court will

uphold it.  United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005); United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994). A waiver is valid if the defendant's agreement to the waiver was knowing and voluntary.  United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165, 167 (4th Cir. 1991).  Generally, if a district court fully questions a defendant regarding the waiver of appellate rights during the Fed. R. Crim. P. 11 colloquy, the waiver is valid.  Wessells, 936 F.2d at 167-68.

Here, the district court conducted a thorough Rule 11 colloquy.  The court also specifically discussed the appeal waiver provision, and Wallace indicated he understood it.  Wallace agreed to waive appellate review of his sentence "and any issues that relate to the establishment of the advisory guidelines range."  The issue Wallace raised in his supplemental brief relates to the establishment of his sentence, and is accordingly precluded by the appellate waiver.  The issues raised by Wallace's counsel, however, fall outside the scope of this waiver.

Because the district court conducted a proper Rule 11 colloquy, Wallace's challenges to the appellate waiver and the district court's acceptance of his guilty plea fail on the merits. With respect to his ineffective assistance of counsel claim, Wallace must show conclusively from the face of the record that counsel provided ineffective representation.  See United States v.

James, 337 F.3d 387, 391 (4th Cir. 2003). Here, the record does not conclusively demonstrate ineffective assistance of counsel.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Wallace's conviction and sentence. This court requires that counsel inform Wallace in writing, of the right to petition the Supreme Court of the United States for further review. If Wallace requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wallace.

With respect to Manns' appeal, No. 06-4047, we find no reversible error in the district court's refusal to grant Manns a hearing on the Government's determination it would not file a motion for a downward departure. In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Manns' sentence. This court requires that counsel inform Manns in writing, of the right to petition the Supreme Court of the United States for further review. If Manns requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Manns.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 05-5246 - <u>AFFIRMED</u>
No. 06-4047 - <u>AFFIRMED</u>